IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DOUGLASS VANDUSER,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:11-cv-00317 |
| v. | ) |
| | ) |
| **PURDY BROTHERS TRUCKING** | ) By: Hon. Robert S. Ballou |
| **COMPANY, INC.** | ) United States District Judge |
| | ) |
| and | ) |
| | ) |
| **CURTIS J. MCNEALY** | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the court on Defendants' Motion to Quash the subpoena duces tecum to Tribe Express (Dkt. #35), and Defendants' Motion to Quash the subpoena duces tecum to Vasudven Kidami, MD (Dkt. #37). For the reasons set forth below, Defendants' Motions to Quash are **DENIED**.

I.

This personal injury action arises out of an automobile accident that occurred on July 4, 2010 between Plaintiff's vehicle and a tractor-trailer owned by Defendant Purdy Brothers Trucking Company, Inc. and driven by its employee, Defendant Curtis J. McNealy ("McNealy"). Plaintiff filed a complaint against Defendants with two counts: 1) negligence, and 2) negligent hiring, training, supervision and retention. The complaint requested special damages and punitive damages. On August 25, 2011, the court entered an agreed Order dismissing Count II

of the Complaint for negligent hiring, training, supervision, retention and punitive damages claims, but allowing the parties to continue conducting discovery with regard to those claims.

II.

At the time of the subject accident, Defendant McNealy was driving as an employee for Purdy Brothers Trucking, Inc.  Plaintiff contends that Purdy Brothers Trucking, Inc. terminated McNealy's employment following this accident.  Within one year, McNealy began working for Tribe Express.  On October 4, 2011, Plaintiff issued a subpoena duces tecum to Tribe Express, seeking McNealy's employment application, documents reflecting background checks of McNealy, documents relating to the termination of McNealy's employment from Purdy Brothers Trucking Company, Inc., documents obtained from the Driver Safety Measurement System (DSMS) or the pre-employment screening program (PSP), and the driver profile of McNealy from the Motor Carrier Management Information System (MCMIS).  Defendants filed a Motion to Quash the subpoena on the basis that it is overly broad, is not reasonably calculated to lead to the discovery of admissible evidence and seeks to invade the privacy of McNealy.  A hearing was held on the record on October 18, 2011.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id*.  With regard to the subpoena to Tribe Express, the court finds that the documents sought are discoverable under Rule 26(b)(1). Specifically, the court finds that the subpoena is narrowly drafted to discover only documents and information regarding McNealy's driving history.  Thus, the subpoena seeks discovery of

information which may relate to potential claims for negligent hiring, training, retention and supervision, and is reasonably calculated to lead to the discovery of admissible evidence with regard to those claims.  Accordingly, it is **ORDERED** that Defendants' Motion to Quash the subpoena to Tribe Express (Dkt. #35) shall be, and hereby is, **DENIED**.

### III.

On October 4, 2011, Plaintiff issued a subpoena duces tecum to Defendant McNealy's physician, Vasudven Kidami, MD, seeking Dr. Kidami's entire chart for McNealy.  Defendants filed a Motion to Quash the subpoena on the basis that it is overly broad, is not reasonably calculated to lead to the discovery of admissible evidence and seeks to invade the privacy of McNealy.  A hearing was held on the record on October 18, 2011.  That same day, Dr. Kidami produced records to Plaintiff's counsel pursuant to the subpoena duces tecum at issue.  Plaintiff's counsel promptly delivered those records to the court, and certified that they did not review the records.

Having reviewed Dr. Kidami's records *in camera*, the court finds that the documents and information sought in the subpoena are discoverable under Rule 26(b)(1).  In particular, McNealy is diabetic, and information regarding whether McNealy had complied with his treatment regimen or was affected at the time of the accident by any complications from his medical condition is relevant to the claim in Count I of the Complaint for negligence.  Accordingly, it is **ORDERED** that Defendants' Motion to Quash the subpoena duces tecum to Vasudven Kidami, MD (Dkt. #37) shall be, and hereby is, **DENIED.**  Counsel for Plaintiff is directed to collect the records produced by Vasudven Kidami, MD from the clerk's office, and to provide a copy of those records to counsel for Defendants.

The clerk's office is directed to send copies of this Order to counsel for the parties.

Entered: October 21, 2011

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge